**MARY FRANCES PREVOST** (SBN157782)
Attorney At Law
402 West Broadway, Suite 950
San Diego, California 92101
Tel: (619) 692-9001
Fax: (619) 255-0726
Email: Mfprevost@aol.com

**TATE R. LOUNSBERY** (SBN240811)
270 E. Douglas Avenue
El Cajon, California 92020
Tel: (619) 401`-4000
Fax: (619) 684-3669
Email: Tate@Lounsberylaw.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE ROE, in individual,<br><br>　　　　Plaintiffs<br>v.<br>CITY OF SAN DIEGO, CHIEF OF POLICE WILLIAM LANSDOWNE, AREVALOS, AND does 1-50, inclusive,<br><br>　　　　Defendants.<br>_____ | No. **'12CV0243 W    WVG**<br><br>**COMPLAINT FOR DAMAGES**<br><br>1.　Violation of Civil Rights<br>　　(42 U.S.C. §1983)<br>2.　*Monell Claim*<br>　　(42 U.S.C. §1983)<br><br>**DEMAND FOR JURY TRIAL** |

## JURISDICTION

Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California and common

law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

1.  At all times herein mentioned, Plaintiff JANE ROE, was a resident of the County of San Diego, California.

2.  At all times herein mentioned, Defendants OFFICER ANTHONY AREVALOS, individually and as a peace officer and DOES 1-50 were employees of the City of San Diego and the San Diego Police Department.

3.  Defendant CITY OF SAN DIEGO, (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Diego Police Department, and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiff, and their tactics, methods, practices, customs and usages.

4.  Defendant WILLIAM LANSDOWNE was and is the Chief of Police of Defendant CITY OF SAN DIEGO, and agent of Defendant CITY OF SAN DIEGO. Plaintiff is informed and believes and based upon that alleges that Defendant LANSDOWNE is responsible for implementing, maintaining, sanctioning, or condoning policies, practices, and customs, under which the other Defendants committed illegal or wrongful acts that are complained of in this lawsuit. By reason of these policies, practices, and customs, Defendant LANSDOWNE is liable for the damages that resulted.

5.  Plaintiffs are informed and believe and thereon allege that each of the

Defendants designated as a DOE is intentionally responsible in some manner for the events and happenings herein referred to, and thereby proximately caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 50, inclusive, and each of them, are not now known to Plaintiff who therefore sues said Defendants by such fictitious names and will be added to this action as provided by California Code of Civil Procedure Section 484.

6. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

7. The incidents complained of began in the City of San Diego on January 20, 2010 on which date Defendant AREVALOS maliciously, forcibly and unlawfully sexually assaulted and battered Plaintiff JANE ROE. AREVALOS was in full San Diego Police uniform and on duty at the time he placed his hand inside Plaintiffs' pants and grabbed her genitals.

8. The sexual assault was without permission by Plaintiff, and against her will.

9. Upon being informed of Plaintiffs accusations against AREVALOS and DOES 1-50, an administrative investigation was commenced and determined that there was overwhelming evidence that Plaintiff had been sexually assaulted by AREVALOS. Still, instead of terminating AREVALOS, Defendant LANSDOWNE and DOES 1-50, returned Defendant AREVALOS to the street where he continued to molest more women.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983 VIOLATION OF CIVIL RIGHTS)**

**(By Plaintiff JANE ROE Against Defendants LANSDOWNE and DOES 1-50)**

10. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 9 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

11. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

12. Commencing at or about the aforementioned dates and places, without cause or justification, and acting under color of law, Defendants CITY, AREVALOS and LANSDOWNE, and DOES 1-50, and each of them, intentionally and maliciously deprived Plaintiff of rights secured to him by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Defendants subjected plaintiff to excessive and unreasonable force, a sexual assault and molestation, and conspired together to justify and hide the unlawful use of force, sexual assault and molestation, and thereby deprive Plaintiff of rights secured to her by the federal constitution.

13. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiff of her rights against unreasonable searches and seizures, excessive force, sexual assault, molestation and due process, by participating in a corrupt effort to conceal the violation of Plaintiff's rights by hiding the true facts of the egregious conduct employed by Defendants..

14. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiff sustained great physical and mental pain and shock to her nervous systems, fear, anxiety, torment, degradation and emotional distress.

15. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff incurred medical and therapeutic expenses in an amount as proved.

16. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiff was forced to move out of San Diego county for fear of her life and retaliation for reporting the crimes that had been committed against her by AREVALOS, and was suffered loss and impairment of earnings and

4

employment opportunities all to her damage in an amount as proved.

17. By reason of the aforementioned acts of Defendants, and each of them, Plaintiff was compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiff is indebted and liable for attorneys fees.

18. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiff with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiff seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION
### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
### (By Plaintiff JANE ROE Against Defendant CITY and LANSDOWNE)

19. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 18 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

20. Defendant CITY is and at all times herein mentioned has been a public entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY is possessed of the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the San Diego Police Department and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

21. At all times herein mentioned, Defendants AREVALOS and DOES 1-50, and each of them, were employees of the City of San Diego and San Diego Police Department acting under the CITY'S and CHIEF LANSDOWNE's direction

and control, knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned encouraged (1) the employment, deployment and retention of persons as peace officers who have a propensity for brutality, dishonesty, bigotry, sexual misconduct, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

22. Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, failing and refusing to fairly and impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and approved by the CITY.

23. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant CITY include, but are not limited to:

(1) In 2003, shortly after Defendant LANSDOWNE became police chief, he disbanded the San Diego Police Department's 20-year-old Anti-Corruption Unit, commonly called the "Professional Standards Unit ("PSU") which had been tasked to proactively investigate allegations against police. The elimination of the PSU, an internal agency tasked with investigating its own officers, signaled internally to officers that monitoring for misconduct amongst them was a low priority under Defendant LANSDOWNE and was a virtual green light to commit misconduct without the possibility of sanctions;

(2) Under LANSDOWNE, the manner in which citizen's complaints were logged against officers changed from citizens being directed to Internal Affairs, to being required to provide all information to

6

desk officers at station houses.  LANSDOWNE did this to try to keep complaints in house at each station house where the supervisor of the officer complained of would handle it.  In most cases, supervisors took no action on the complaints, and did not forward them to Internal Affairs for a more impartial investigation. LANSDOWNE's policy was implemented to intimidate, threaten, or harass potential or actual complainants who were embarrassed to discuss the complaint with a desk officer at the same station house where the officer complained of worked from. LANSDOWNE's policy worked.  According to records of citizen complaints required to be filed with the Office of the Attorney General, complaints dropped sharply when LANSDOWNE took over from former Chief David Bejarano. Complaints did not, in fact, lessen under LANSDOWNE, as records would suggest. LANSDOWNE's policy of requiring complaints to be made at station houses where the perpetrator officer worked rather than directly to Internal Affairs, scared citizens into declining to make complaints at all.

      (3)    Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse, assaultive and sexual misconduct toward detainees and arrestees; Specifically, CITY knew Defendant AREVALOS and other officers had committed numerous violations of the law under color of law and demonstrated AREVALOS' unfitness for employment as a peace officer but refused to protect public safety and that of the Plaintiffs by failing to discharge AREVALOS and DOES 1-50. CITY knew San Diego police officers including AREVALOS, DOES 1-50 and others had in the past and since Plaintiffs incident, committed similar acts of official dishonesty, corruption and abuse of persons similarly situated to the plaintiff, to wit;

          A.    On January 2, 2010, AREVALOS falsely detained, falsely arrested, falsely imprisoned, and verbally sexually

|   |   |   |
|---|---|---|
| 1 |    | assaulted Lacy White and Talia Tortora while on duty |
| 2 |    | and after he had pulled the women over for a traffic stop. |
| 3 | B. | On January 9, 2010, AREVALOS falsely detained, |
| 4 |    | falsely arrested, falsely imprisoned, and verbally sexually |
| 5 |    | assaulted Melissa Marin while he was on duty and after |
| 6 |    | he pulled the woman over for a traffic stop. |
| 7 | C. | On January 29, 2010, AREVALOS stopped Mary |
| 8 |    | Bracewell during a traffic stop when he was on duty and |
| 9 |    | made crude, sexually suggestive comments about her |
| 10 |   | body. |
| 11 | D. | On January 11, 2010 AREVALOS stopped Marjan |
| 12 |   | Montazemi when he was on duty and put his bare hand |
| 13 |   | down Montazemi's pants, touched her vagina and |
| 14 |   | fondled her breasts. AREVALOS then threatened |
| 15 |   | Montazemi, telling her she had better not tell anyone |
| 16 |   | what he did because he knew where she lived. |
| 17 | E. | San Diego Police Sgt. Kenneth David's former lover, |
| 18 |   | another police officer, had complained about him |
| 19 |   | stalking her and sending threatening texts to her for more |
| 20 |   | than one year.  LANSDOWNE did nothing to protect the |
| 21 |   | complainant.  David was not sanctioned. David ended |
| 22 |   | pleading guilty to misdemeanor stalking. |
| 23 | F. | San Diego Police Officer Arthur Perea was accused of |
| 24 |   | raping a college student.  LANSDOWNE and DOES 1- |
| 25 |   | 50, prepared a strong case against Perea and referred it to |
| 26 |   | the Office of the District Attorney.  LANSDOWNE did |
| 27 |   | not terminate Perea. |
| 28 | G. | San Diego Police Officer Daniel Dana stands accused of |

8

|   |   |   |
|---|---|---|
| 1 |   | raping a woman. LANSDOWNE and DOES 1-50 had |
| 2 |   | prior complaints against Dana, but took no action against |
| 3 |   | him. |
| 4 | H. | San Diego Police Officer Thomas Broxterman was |
| 5 |   | removed from the San Diego DUI task force after it was |
| 6 |   | determined he had falsified numerous investigation |
| 7 |   | reports.  Some ten years later - during LANSDOWNE's |
| 8 |   | first year as chief - Broxterman was put back on the DUI |
| 9 |   | enforcement unit in the same area where he had |
| 10 |   | previously been writing false reports.  On February 17, |
| 11 |   | 2007 Broxterman effectuated a false arrest, and |
| 12 |   | fabricated investigation reports.  The criminal case was |
| 13 |   | dismissed by the Hon. Christine Pate during a hearing in |
| 14 |   | which she rejected Broxterman's testimony.  CITY, |
| 15 |   | LANSDOWNE and DOES 1-50 took no punitive action |
| 16 |   | against Broxterman.  The wrongfully arrested suspect |
| 17 |   | sued Broxterman in United States District court, Case |
| 18 |   | No. 09CV0286 and was awarded money damages for |
| 19 |   | Broxterman's misconduct. CITY, LANSDOWNE and |
| 20 |   | DOES 1-50 took no punitive action against Broxterman. |
| 21 |   | Broxterman patrols the same area of Mission Beach that |
| 22 |   | he has for 20 years. He has never been sanctioned by |
| 23 |   | LANSDOWNE or CITY. |
| 24 | I. | San Diego Police Officer James Zirpolo has been sued |
| 25 |   | repeatedly in United States District Court and paid |
| 26 |   | money judgments to victims. He was accused in federal |
| 27 |   | complaints of sexually assaulting Kathleen Johnson and |
| 28 |   | CITY settled the case. He brutally slammed Mara |

Gordon's face into the asphalt during a traffic stop breaking her nose.  Gordon had been begging Zirpolo to allow her to use her inhaler as she was having an asthma attack.  When he said no, and she reached for her inhaler right before she could pass out, Zirpolo grabbed her by the back of the head and face planted her into the blacktop.  CITY settled the case.  Zirpolo accused paraplegic Jeffrey Gorman of "resisting arrest" and dragged him out of a police car, tearing the paraplegic's rotator cuff.  Zirpolo falsely wrote in his report that the paraplegic "walked with an unsteady gait."  The paraplegic can't walk, much less with an unsteady gait.  Upon review, CITY prosecutors dismissed the resisting arrest charge.  Gorman has filed suit in federal court.  CITY, LANSDOWNE and DOES 1-50 have never sanctioned Zirpolo for his use of excessive force, sexual misconduct or preparation of false reports.

(4)   Defendant CITY developed a strong case against Defendant AREVALOS regarding Plaintiff JANE ROE, yet kept him employed and failed to monitor him, and DOES 1-50, and officers like him.  Defendants CITY and LANSDOWNE knew Defendant AREVALOS would go missing for hours at a time while on duty on alleged vehicle stops of female suspects.  Yet he would come back to the station without effectuating any arrests.  This was a common modus operandi of Defendant AREVALOS, yet CITY and LANSDOWNE took no action;

(5)   Defendant CITY had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative

procedures to insure the safety of detainees and arrestees;

(6) Defendant CITY refused to adequately discipline individual officers and employees found to have committed similar acts of abuse and misconduct;

(7) Defendant CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by San Diego Police Department officers;

(8) Defendant CITY reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(9) Defendant CITY covered up acts of misconduct and abuse by San Diego Police Department officers and sanctioned a code of silence by and among officers;

(10) Defendant CITY knew of and sanctioned the custom and practice of falsely arresting, booking and charging victims of officer physical abuse with violations of California Penal Code Sections 69, 243, 245, 148 , 415 and 647(f).

(11) Defendant CITY failed to adequately train and educate officers in the use of reasonable and proper force and failed to enforce the department's written regulations with respect to uses of force;

(12) Defendant CITY failed to adequately supervise the actions of officers under their control and guidance;

(13) Defendant CITY condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating the CITY of SAN DIEGO and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(14) Defendant CITY condones and encourages a conspiracy of

silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its employees;

(15) Defendant CITY engages in the custom and practice of refusing to provide public prosecutors and criminal defendants exculpatory and impeaching evidence as required by law.

(16) Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by January 2010 and thereafter, represented the unconstitutional policies, practices and customs of the CITY and San Diego Police Department

24. By reason of the aforesaid policies, customs, practices and usages, plaintiffs First, Fourth, and Fourteenth Amendments to the United States Constitution were violated.

**PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For attorney's fees pursuant to 42 U.S.C § 1988 and California Civil Code §§52, and 52.1;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

DATED:   January 19, 2012         **MARY F. PREVOST**
                                  **TATE LOUNSBERY**

                                  /s/ Mary Frances Prevost
                                  _____
                                  By:   Mary Frances Prevost
                                        Attorneys for Plaintiff

# PLAINTIFFS JURY DEMAND

Plaintiff hereby demands a trial by jury.

DATED: January 19, 2012         **MARY F. PREVOST**
                                **TATE LOUNSBERY**

                                /s/ Mary Frances Prevost

                                _____
                                By:   Mary Frances Prevost
                                      Attorneys for Plaintiff

%JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Jane Roe

### DEFENDANTS
City of San Diego, Anthony Arevalos, William Lansdowne, Does 1-50

(b) County of Residence of First Listed Plaintiff **San Diego**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **San Diego**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Mary Frances Prevost, 402 W. Broadway, Ste. 950, San Diego, CA 92101; Tel: (619) 692-9001 (See attachment)

Attorneys (If Known)
Office of the City Attorney

**'12CV0243 W     WVG**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 340 Marine | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | | | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☒ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause:
Civil Rights

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 01/19/2011
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

ATTACHMENT - ADDITIONAL ATTORNEY OF RECORD

Tate Lounsbery
270 E. Douglas Avenue
El Cajon, California 92020
Tel: (619) 401`-4000