1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JANE ROE,

                Plaintiff,

   v.

CITY OF SAN DIEGO, et al.,

                Defendants.

CASE NO. 12-CV-0243-W-(WVG)

ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES [DOC. 30]

Pending before the Court is Plaintiff's motion to strike affirmative defenses from the answer filed on behalf of Defendants Police Chief William Lansdowne, former police officer Kevin Friedman (collectively, the "Individual Defendants"), and the City of San Diego.  Defendants oppose.

The Court decides the matter on the papers submitted and without oral argument.  See CIV. L. R. 7.1(d.1).  For the reasons discussed below, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's motion to strike [Doc. 30].

I.    BACKGROUND

On January 19, 2012, Plaintiff Jane Roe initiated this action against Police Chief William Lansdowne, former Police Officers Anthony Arevalos and Kevin Friedman,

1   and the City of San Diego.  Plaintiff asserts three causes of action under Title 42 U.S.C.

2   § 1983: (1) violation of civil rights; (2) unlawful custom and practice; and (3) violation

3   of civil rights due to city-wide policy.  (*See First Amended Compl.* ("FAC") [Doc. 8].)

4        According to the FAC, Officer Arevelos sexually assaulted Plaintiff while he was

5   on duty.  (*FAC*, ¶ 8.)  Plaintiff also alleges that Officer Arevalos had a history of acting

6   inappropriately towards women while on duty, and that Chief Lansdowne and Arevelos'

7   supervisor, Officer Friedman, were aware of the misconduct but did nothing to stop it.

8   (*Id.*, ¶¶ 14, 16.)  Plaintiff further alleges that the San Diego Police Department, under

9   the City's authority, routinely fails to discipline abusive and dishonest police officers.

10  (*Id.*, ¶ 29–30.)

11       On July 27, 2012, the City, Chief Lansdowne and Officer Friedman answered the

12  FAC and asserted twenty-six affirmative defenses.  (*See Answer*, [Doc. 27].)  Plaintiff

13  now seeks to strike all of the affirmative defenses or, in the alternative, to require these

14  Defendants to re-plead any insufficiently pled affirmative defenses under the standard

15  set forth in <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft</u>

16  <u>v. Iqbal</u>, 556 U.S. 1937 (2009).  In opposition, Defendants agree to strike seven of their

17  affirmative defenses, but argue that the *Twombly / Iqbal* standard should not be applied

18  to affirmative defenses.[1]  (*Opp.* [Doc. 36], pp. 2, 4.)

19

20  **II.   LEGAL STANDARD**

21       Federal Rule of Civil Procedure 12(f) provides that a court "may strike from a

22  pleading an insufficient defense or any redundant, immaterial, impertinent, or

23  scandalous matter."  <u>Id.</u>  "[T]he function of a 12(f) motion to strike is to avoid the

24  expenditure of time and money that must arise from litigating spurious issues by

25  dispensing with those issues prior to trial."  <u>Sidney-Vinstein v. A.H. Robins Co.</u>, 697

26  F.2d 880, 885 (9th Cir. 1983).  However, 12(f) motions are "generally regarded with

27

28       [1] Defendants agreed to strike affirmative defenses one, eight, sixteen, twenty, twenty-
     three, twenty-four, and twenty-five.  (*Opp'n*, p. 4:23 – 24.)

disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." Neilson v. Union Bank of Cal., N.A., 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). Unless it would prejudice the opposing party, courts freely grant leave to amend stricken pleadings. Wyshak v. City Nat'l Bank, 607 F.2d 824, 826 (9th Cir. 1979); see also Fed. R. Civ. P. 15(a)(2).

An affirmative defense may be insufficient as a matter of pleading or as a matter of law. Sec. People, Inc. v. Classic Woodworking, LLC, 2005 WL 645592, at *2 (N.D. Cal. 2005). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives the plaintiff *fair notice* of the defense." Wyshack, 607 F.2d at 827 (citing Conley v. Gibson, 355 U.S. 41, 47–48 (1957)) (emphasis added); Simmons v. Navajo, 609 F.3d 1011, 1023 (9th Cir. 2010); Schutte & Koerting, Inc. v. Swett & Crawford, 298 Fed. Appx. 613, 615 (9th Cir. 2008). Fair notice generally requires that the defendant state the nature and grounds for the affirmative defense. See Conley, 355 U.S. at 47. The defendant must articulate the affirmative defense clearly enough that the plaintiff is "not a victim of unfair surprise." Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc., 2007 WL 2070355, at *2 (S.D. Cal. July 23, 2007) (citing Woodfield v. Bowman, 193 F.3d 354, 362 (5th Cir.1999). It does not, however, require a detailed statement of facts. Conley, 355 U.S. at 47– 48. Furthermore, an affirmative defense is legally insufficient only if it clearly lacks merit "under any set of facts the defendant might allege." McArdle v. AT&T Mobility, LLC, 657 F. Supp. 1140, 1149–50 (N.D. Cal. 2009).

In addition to these rules, Plaintiff urges the Court to evaluate Defendants' affirmative defenses under the *Twombly* / *Iqbal* standard. Defendants oppose this argument. District courts are split over this issue.[2]

_____

[2] District courts applying the *Twombly* / *Iqbal* standard to affirmative defenses include: Dion v. Fulton Friedman & Gullace LLP, 2012 WL 160221, at *2–3 (N.D. Cal. Jan. 17, 2012); Barnes v. AT&T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171–73 (N.D. Cal. 2010); Wine Group, L.L.C. v. L And R Wine Co., 2011 WL 130236 (E.D. Cal. Jan. 14, 2011); Vargas v. HWC Gen. Maint., LLC, 2012 WL 948892 (S.D. Tex. Mar. 20, 2012).

1    As an initial matter, this Court has twice evaluated this issue and refused to
2  extend the more stringent standard to affirmative defenses for several reasons.[3]  Most
3  significantly, the Ninth Circuit has continued to recognize the "fair notice" standard of
4  affirmative defense pleading even after Twombly and Iqbal.  See Simmons, 609 F.3d at
5  1023; Schutte & Koerting, 298 Fed. Appx. at 615.  This strongly suggests that the
6  Ninth Circuit does not believe the more stringent *Twombly / Iqbal* standard should be
7  applied to affirmative defenses.

8    Additionally, the Supreme Court's analysis in Twombly and Iqbal is limited to
9  pleadings under Federal Rule of Civil Procedure 8(a)(2).  See 129 U.S. at 1950; 550
10 U.S. at 555.  Rule 8(a)(2) requires that the party stating a *claim* for relief provide "a
11 short and plain statement of the claim *showing* that the pleader is entitled to relief."
12 Fed. R. Civ. P. 8(a)(2) (emphasis added).  In contrast, Rule 8(c) – applicable to
13 affirmative defenses – only requires a responding party to "*affirmatively state*" its
14 defenses.  Fed. R. Civ. P. 8(c) (emphasis added).

15    Furthermore, the Supreme Court's discussion in Iqbal suggests that the
16 distinction in language between Rule 8(a)(2) and 8(c) is important.  See 129 S. Ct. at
17 1950.   Factual plausibility—which is the key difference between *Twombly /
18 Iqbal* pleading and "fair notice" pleading—is particularly suited to claim pleading
19 because Rule 8(a)(2) requires that the party "show[ ]" that it is entitled to relief.  Id.
20 ("But where the well-pleaded facts do not permit the court to infer more than mere

---

23    District Courts refusing to apply *Twombly / Iqbal*, and instead applying the "fair notice"
24 standard, include: J&J Sports Prods., Inc. v. Scace, 2011 WL 2132723, at *1 (S.D. Cal. 2011);
   Bayer CropScience AG v. Dow AgroSciences LLC, 2011 WL 6934557, at *1–2 (D. Del. Dec.
   30, 2011); Joe Hand Promotions, Inc. v. Estradda, 2011 WL 2413257, at *5 (E.D. Cal. 2011);
25 Holdbrook v. SAIA Motor Freight Line, LLC, 2010 WL 865380, at *2 (D. Colo. 2010);
26 Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 537 n.5 (S.D. Ala. 2007).

27    [3] This Court has already declined to extend the Twombly/Iqbal standard on two
28 previous occasions.  See Kohler v. Islands Rests., LP, 280 F.R.D. 560 (S.D. Cal. 2012); Kohler
   v. Staples the Office Superstore, LLC, 2013 WL 544058 (S.D. Cal. Feb. 12, 2013).

possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'") (quoting Fed. R. Civ. P. 8(a)(2)).  Stating an affirmative defense under Rule 8(c), however, does not require the pleader to "show" entitlement to its defense.[4]  See Fed. R. Civ. P. 8(c).  Applying the same pleading standard to claims and affirmative defenses, despite this clear distinction in the rules' language, would run counter to the Supreme Court's warning in <u>Twombly</u> that legislative action, not "judicial interpretation," is necessary to "broaden the scope" of specific federal pleading standards.  <u>See</u> 550 U.S. at 569 n. 14.

Finally, the Court is also persuaded by the District of Colorado's recognized distinction between the time plaintiff has to compose a complaint versus the time a defendant has to answer it.  <u>See</u> <u>Holdbrook</u>, 2010 WL 865380, at *2.  As the court explained, "it is reasonable to impose stricter pleading requirements on a plaintiff who has significantly more time to develop factual support for his claims than a defendant who is only given [21] days to respond to a complaint and assert its affirmative defenses."  <u>Id.</u>; <u>see</u> Fed. R. Civ. P. 12(a).

For these reasons, the Court will review the sufficiency of Defendants' affirmative defenses under the "fair notice" pleading standard.

## III.   DISCUSSION

### A.   *Second, Sixth, and Twenty-Second Affirmative Defenses - Good Faith, Exercise of Discretion, & Qualified Immunity*

Defendants' second, sixth, and twenty-second affirmative defenses all relate to qualified immunity and the relationship between a public entity and its employees.  The second affirmative defense alleges that the City and its agents, officers, and employees acted "in good faith and with a reasonable belief that their conduct was lawful and

---

[4] Nor does pleading non-affirmative defenses under Rule 8(b)(1) require any type of "showing."  <u>See</u> Fed. R. Civ. P. 8(b)(1).  Rule 8(b)(1) only requires the responding party to "state in short and plain terms its defenses to each claim asserted against it."  <u>Id.</u>

1   necessary[;]" the sixth affirmative defense states that the City and its agents, employees,

2   and police officers "are not liable for injuries resulting from acts or omissions which were

3   an exercise of discretion in the absence of a statute declaring such liability[;]" and the

4   twenty-second affirmative defense asserts qualified immunity. (*See Answer*, pp. 4–5, 8.)

5   Plaintiff argues that none of these affirmative defenses provide fair notice. The Court

6   disagrees with respect to the Individual Defendants.

7   　　　Plaintiff alleges that Defendants' conduct violated her civil rights. These

8   affirmative defenses put her on notice that the Individual Defendants will argue that

9   their alleged wrongful conduct – as outlined in the FAC – constituted an exercise of

10  discretion, was carried out in good faith, and/or under the protection of qualified

11  immunity. Indeed, ample case law describes the scope of these defenses, and at this

12  point in the litigation, the Individual Defendants need not elaborate further.

13  Furthermore, the Court looks with disfavor on 12(f) motions to strike and will not grant

14  such motions "if the insufficiency of the defense is not readily apparent." J & J Sports

15  Productions, Inc. v. Romero, 2012 WL 2317566, at *1 (E.D. Cal. June 18, 2012). For

16  these reasons, the Court **DENIES** the motion to strike affirmative defenses two, six,

17  and twenty-two with respect to the Individual Defendants.

18  　　　As for the City, though many government officials hold qualified immunity,

19  municipalities are not immune from liability for "good faith constitutional violations."

20  Owen v. City of Independence, Mo., 445 U.S. 622, 650 (1980). Similarly, a

21  "municipality may not assert the good faith of its officers or agents as a defense to

22  liability under § 1983," because "municipalities have no immunity from damages

23  liability flowing from their constitutional violations." Owen, 445 U.S. at 638, 657.

24  Thus, although the Individual Defendants may assert qualified immunity, the City

25  cannot. Id.; Monell, 436 U.S. at 691; Arnold v. Cnty. of El Dorado, 2011 WL 902204

26  at *6 (E.D. Cal. Mar. 15, 2011) report and recommendation adopted, 2011 WL

27  4344178 (E.D. Cal. Sept. 14, 2011) ("[G]iven the case law that municipal entities

28  qualify for neither absolute or qualified immunity, plaintiff is free to pursue the entity

despite a finding of immunity for individuals, if she has otherwise pled a municipal liability § 1983 claim.") (citing <u>Bateson v. Geisse</u>, 857 F.2d 1300, 1304 (9th Cir.1988)). Accordingly, the Court **STRIKES WITHOUT LEAVE TO AMEND** the second, sixth, and twenty-second affirmative defenses with respect to the City.

> B.     *Third and Fourth Affirmative Defenses - City Not Liable for Employee's Actions if No Statute or if Employee is Immune*

Defendants' third affirmative defense asserts that the City is immune from liability stemming from the acts or omissions of a public employee when there is no statute declaring such liability. (*Answer*, p. 4.) Similarly, the fourth affirmative defense asserts that the City is not liable for its employee's actions or omissions if the employee is immune from liability. (*Id.*) Plaintiff argues that neither of these defenses provide fair notice. The Court disagrees.

Similar to the previously discussed affirmative defenses, the third and fourth affirmative defenses put Plaintiff on notice that the City will argue that its liability is essentially contingent on Plaintiff's ability to prove the other defendants' conduct was unlawful. In short, these affirmative defenses are self explanatory, with the rules for municipal liability under § 1983 well-developed in case law. <u>See</u>, <u>e.g.</u>, <u>Monell</u>, 436 U.S. 658; <u>Owen</u>, 445 U.S. 622. Plaintiff will not be "the victim of unfair surprise" when the City asserts these affirmative defenses. <u>See Bd. of Trustees of San Diego Elec. Pension Trust v. Bigley Elec., Inc.</u>, 2007 WL 2070355, at *2. Accordingly, the Court **DENIES** Plaintiff's motion to strike the third and fourth affirmative defenses.

> C.     *Fifth Affirmative Defense - Not Liable for Punitive Damages*

In the fifth affirmative defense, Defendants argue that the City and its agents and employees are not liable for punitive damages. (*Answer*, p. 5.) Defendants' denial of punitive damages is not an affirmative defense, but rather is an assertion that Plaintiff has not proved essential elements of her claim. <u>Zivkovic v. S. Cal. Edison Co.</u>, 302 F.3d

1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); <u>Weddle v. Bayer AG Corp.</u>, 2012 WL 1019824, at *5 (S.D. Cal. Mar. 26, 2012).   Defendants already denied Plaintiff's allegations.   (*See Answer*, ¶13.)   This defense is redundant and unnecessary.  <u>See</u> Fed. R. Civ. P. 12(f).   Accordingly, the Court **STRIKES WITHOUT LEAVE TO AMEND** Defendants' fifth affirmative defense.

### D.   Seventh Affirmative Defense - Not Liable for Injuries from Judicial or Administrative Proceedings

The seventh affirmative defense asserts that the City and its agents, employees, and police officers "are not liable while acting within the scope of their duties for injuries resulting from judicial or administrative proceedings." (*Answer*, p. 5.)   Plaintiff argues that this defense is irrelevant because none of her alleged injuries stem from such proceedings.   Defendants respond that Plaintiff was prosecuted for driving under the influence of alcohol and that Defendants are not liable for any attorney's fees Plaintiff incurred as a result of her arrest.   (*Opp.*, p. 9:15 – 21.)   In other words, Defendants interpret paragraphs twenty and twenty-four of Plaintiff's FAC as seeking attorney's fees from defending her DUI prosecution.   (*Id.*, pp. 9:21, 26 – 28.)

Upon reviewing the FAC, the Court finds that the FAC's language does not exclude the possibility that Plaintiff is seeking to recover damages from a DUI conviction.   Therefore, Defendants are entitled to assert this defense.   The Court **DENIES** Plaintiff's motion to strike the seventh affirmative defense.

### E.   Ninth Affirmative Defense - Wrongful Acts Not Under Color of Law

The ninth affirmative defense asserts that the City and its agents, employees, and police officers are not liable for violating Plaintiff's civil rights because "the alleged wrongful acts were not under color of any statute, ordinance, regulation, custom or usage of the City of San Diego." (*Answer*, p. 5.)   Plaintiff contends that this statement

1   is not fair notice because Defendants did not supply any supporting facts.  Defendants

2   respond that Plaintiff has not yet supplied "an inclusive list of all of the alleged acts that

3   constitute the alleged violation(s) of Plaintiff's rights," so Defendants assert this defense

4   against any possible allegation that Officer Arevelos acted under color of law during the

5   alleged sexual assault.  Defendant argues that this affirmative defense goes to the first

6   element of Plaintiff's § 1983 claim–that defendants acted under color of law.  (*Id.*)  The

7   Court agrees with Defendants.

8        This defense directly relates to Plaintiff's § 1983 claims and the unanswered legal

9   and factual questions surrounding those claims.  Defendants have given Plaintiff fair

10   notice that they plan to challenge any allegations suggesting that any of the defendants

11   acted wrongfully under color of law.  Therefore, the Court **DENIES** the motion to

12   strike Defendants' ninth affirmative defense.

13

14       *F.*    *Tenth Affirmative Defense - Necessary Force*

15        The tenth affirmative defense states that "[a]t the time of the contact the

16   Defendant police officer attempted to persuade the Plaintiff to follow directions and in

17   doing so, only used force necessary for the occasion." (*Answer*, p. 5.)  Plaintiff contends

18   that she did not receive fair notice because Defendants failed to plead facts about the

19   alleged use of persuasion.

20        The fair notice standard does not require defendants to provide a detailed

21   statement of facts. See Conley, 355 U.S. at 47–48.  Plaintiff argues in her motion that

22   defendants did not state facts to support this defense, but this affirmative defense relates

23   to allegations in Plaintiff's FAC.  Specifically, Plaintiff alleges that former Officers

24   Arevalos and Friedman used "excessive and unreasonable force" against her during the

25   arrest. (*FAC*, ¶19.)  Plaintiff's complaint also states facts encompassing more than the

26   alleged sexual assault, including a "forced blood draw" at the police station.  (*Id.*, ¶10.)

27   For these reasons, Plaintiff is on notice that Defendants will argue that they used only

28

1    necessary force when arresting her and taking the blood draw.   Consequently, the

2    Court **DENIES** Plaintiff's motion to strike Defendants' tenth affirmative defense.

3

4         G.    *Eleventh Affirmative Defense - Plaintiff's Negligence*

5         The eleventh affirmative defense states that Plaintiff's negligence and

6    carelessness "proximately contributed to the happening of the alleged incident, injuries

7    and damages complained of, if any such exist." (*Answer,* p. 5.) Plaintiff argues that this

8    affirmative defense does not provide fair notice as to which of her acts demonstrate

9    contributory negligence.

10        Defendants respond that this defense goes to any failures on Plaintiff's part to

11   mitigate her damages.  However, negligence and failure to mitigate are two separate

12   legal doctrines. See, e.g., Restatement (Second) of Contracts cmt. a (1965) § 918

13   ("[C]ontributory negligence either precludes recovery or is no defense at all to a claim

14   for compensatory damages. On the other hand, [the doctrine of avoidable

15   consequences] applies only to the diminution of damages and not to the existence of

16   a cause of action.") Defendants' affirmative defense does not give Plaintiff fair notice

17   because it fails to advise her whether Defendants will argue that she was negligent

18   before or after the alleged incident with Arevelos.  Additionally, this affirmative defense

19   fails to give Plaintiff any indication regarding the conduct supporting the defense.

20   Consequently, the Court **STRIKES** Defendants' eleventh affirmative defense **WITH**

21   **LEAVE TO AMEND**.

22

23        **H.**    *Twelfth and Thirteenth Affirmative Defenses - Performing Duties*

24              *Required By Law & Reasonable Cause for Actions*

25        Defendants argue in their twelfth and thirteenth affirmative defenses that the

26   City and its agents, employees, and police officers were "performing duties required by

27   law under conditions required by law" and "had reasonable cause" for their actions at

28   all relevant times.  (*Answer,* p. 6.)  Plaintiff argues that neither defense gives her fair

notice.  The Court agrees with Plaintiff that these simple identifications of Defendants' defenses are insufficient to provide fair notice.

Although Defendants' pleading need not be supported by detailed factual allegations, it must at least give notice of "the grounds upon which it rests."  Conley, 355 U.S. at 47.  Therefore, the Court **STRIKES** Defendants' twelfth and thirteenth affirmative defenses **WITH LEAVE TO AMEND**.

## I.    *Fourteenth Affirmative Defense - Probable Cause*

In the fourteenth affirmative defense, Defendants argue that "[a]t the time of the initial contact ... [and] [d]uring the contact, Defendant Police officers were acting within the scope of their employment and had probable cause to believe that said Plaintiff had committed a crime." (*Answer*, p. 6.)  Plaintiff argues this defense fails to give her fair notice.  Defendants respond that they will suffer prejudice without this defense, because Plaintiff alleges that Defendants deprived her of her rights against unreasonable searches and seizures.

The Court finds Plaintiff has fair notice.  This defense specifically refers to the Defendant officers' contact with Plaintiff, which according to her complaint is one discrete instance with two officers.  (*FAC*, ¶¶ 8–12.)  At this stage of the pleadings, Defendants need not allege further facts.  Accordingly, the Court **DENIES** Plaintiff's motion to strike Defendants' fourteenth affirmative defense.

## J.    *Fifteenth Affirmative Defense - Lack of Jurisdiction*

Defendants argue in their fifteenth affirmative defense that this Court lacks jurisdiction over "certain claims." (*Answer*, p. 6.)  Plaintiff contends this defense does not provide her with fair notice.  In their opposition, Defendants admit that they are proffering this affirmative defense in case "Plaintiff is claiming damages for battery or any other state law claim." (*Reply*, p. 14:18–20.)  However, Plaintiff clearly brings her three Federal law claims under Title 42 U.S.C. § 1983.  (*See FAC* , ¶¶18, 28, and 33.)

1    Defendants' attempt to preemptively assert this affirmative defense is
2  inappropriate. If Plaintiff later brings state law claims, Defendants may assert additional
3  affirmative defenses by amending their pleadings in compliance with Rule 15.  *See* Fed.
4  R. Civ. P. 15; U.S. v. Global Mortg. Funding, Inc., 2008 WL 5264986 at *5 (C.D. Cal.
5  May 15, 2008) ("[I]f a Defendant seeks to add affirmative defenses, it must comply with
6  the procedure set out in Federal Rule of Civil Procedure 15.").  Consequently, the
7  Court **STRIKES** Defendants' fifteenth affirmative defense **WITHOUT PREJUDICE.**
8
9        K.    *Seventeenth, Eighteenth, and Nineteenth Affirmative Defenses - No*
10             *Liability as a Result of Exercising Discretion, While Exercising Due*
11             *Care, or for Acts or Omissions of Another Person*
12    In the seventeenth affirmative defense, Defendants contend that any of Plaintiff's
13  damages were the result of "the exercise of the discretion vested in the public
14  entity/defendants" and the California Government Code precludes liability for all of
15  these individuals. (*Answer*, p. 6.)  Defendants cite two California statutes to support
16  their defense. (*See Id.*)  Similarly, in their eighteenth affirmative defense, Defendants
17  cite two California statutes, arguing that public employees are not liable for actions they
18  take while enforcing the law and using due care.  (*Id.*, p. 7.)  And for the nineteenth
19  affirmative defense, Defendants cite to one California statute and argue that public
20  employees are not liable for third-party actions.  (*Id.*)
21    Plaintiff argues that these defense are too ambiguous and do not give her fair
22  notice.  However, Defendants cited the specific statutes upon which they will rely to
23  establish these defenses.  Defendants need not provide more specificity at this stage of
24  the pleadings.   See Conley, 355 U.S. at 47–48.  Consequently, the Court **DENIES**
25  Plaintiff's motion to strike Defendants' seventeenth, eighteenth, and nineteenth
26  affirmative defenses.
27
28

L.      *Twenty-First Affirmative Defense - Statute of Limitations*

Defendants' twenty-first affirmative defense asserts that Plaintiff's claims are barred by the applicable statute of limitations. (*Answer*, p. 7.) Under this same defense, Defendants seem to argue that the applicable statute of limitations is California Government Code § 901. (*Id.*)  Plaintiff argues that this defense does not provide her with fair notice because she complied with California's two-year statute of limitations for personal injury claims, even though she never pled such claims. Defendants respond that Plaintiff could bring up new claims during discovery and "this affirmative defense goes to any and all claims not yet identified." (*Opp.*, p. 19:2–5.)

As previously discussed with respect to the fifteenth affirmative defense, Defendants' preemptive assertion of affirmative defenses is inappropriate.  If Plaintiff adds state law claims to this case, Defendants will have an opportunity to assert additional affirmative defenses. Accordingly, the Court **STRIKES** Defendants' twenty-first affirmative defense **WITHOUT PREJUDICE**.

M.      *Twenty-sixth Affirmative Defense - Joinder of Co-Defendants' Affirmative Defenses*

In their twenty-sixth affirmative defense, Defendants seem to desire to incorporate their co-defendants' affirmative defenses into Defendants' answer. Defendants cite no authority for this practice.   Plaintiff argues that this affirmative defense is unintelligible.  The Court agrees.

Defendants' preemptive assertion of affirmative defenses is inappropriate.  If any co-defendants should raise useful affirmative defenses to issues that arise later, Defendants may seek to assert additional affirmative defenses by moving to amend their pleadings in compliance with Rule 15. *See* Fed. R. Civ. P. 15.  Accordingly, the Court **STRIKES** Defendants' twenty-sixth affirmative defense **WITHOUT LEAVE TO AMEND**.

1  **IV.   CONCLUSION**

2       For the previously stated reasons, the Court **GRANTS-IN-PART** and **DENIES-**

3  **IN-PART** Plaintiff's motion to strike [Doc. 30] and **ORDERS** as follows:

4       1.   The Court **STRIKES WITHOUT LEAVE TO AMEND** affirmative

5            defenses two, six, and twenty-two with respect to Defendant City.

6       2.   The Court **DENIES** Plaintiff's motion to strike affirmative defenses two,

7            six, and twenty-two with respect to the Individual Defendants.

8       3.   The Court **STRIKES WITHOUT LEAVE TO AMEND** affirmative

9            defenses five and twenty-six.

10      4.   The Court **STRIKES WITH LEAVE TO AMEND** affirmative defenses

11           eleven, twelve, and thirteen.

12      5.   The Court **DENIES** Plaintiff's motion to strike affirmative defenses three,

13           four, seven, nine, ten, fourteen, seventeen, eighteen, and nineteen.

14      6.   The Court **STRIKES WITHOUT PREJUDICE** affirmative defenses

15           fifteen and twenty-one.

16      Defendants' first amended answer, if any, is due on or before **March 26, 2013.**

17

18      **IT IS SO ORDERED.**

19

20  **DATED:  March 5, 2013**

21                                    _____

22                                    Hon. Thomas J. Whelan
                                      United States District Judge
23

24

25

26

27

28